UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RYAN STURGIS,

    Plaintiff,

v.                                          CASE NO. 8:17-cv-2706-T-23AEP

SHERIFF BOB GUALTIERI, *et al.*,

    Defendants.
_____/

## **O R D E R**

    Sturgis's civil rights action under 42 U.S.C. § 1983 alleges that the defendants violated his civil rights when they beat him while detained in the Pinellas County jail. The defendants move to dismiss under Rule 12(b), Federal Rules of Civil Procedure. (Docs. 33 and 34) An earlier order (Doc. 38) both advises Sturgis about the need to oppose the motions and cautions that the granting of the motion could result in the dismissal of this action with prejudice. Nevertheless, Sturgis has not opposed the motions to dismiss.

    Sturgis alleges that on October 31, 2017, he was advised that officers were going to move him from his cell. Sturgis's classification is "Red Dot," which requires that he be in full restraints and with no other detainee allowed out of their cell at the same time. Sturgis alleges that, while cuffing him, Sgt. Moten and Deputies Cordero and Hefter used excessive force by "push[ing] my head into the wall maliciously and

sadistically . . . ." (Doc. 1 at 6) Sturgis alleges (1) that, before exiting the housing unit, the officers forced him into an "Attorney-Client Room," which is beyond coverage of security cameras, and (2) that inside the room the three officers "maliciously and sadistically" beat him for "15–20 minutes," resulting in a severe head injury. (Doc. 1 at 8) Defendant Nurse Green was called to administer aid and was allegedly told by Sgt. Moten "to clean him up" inside the room "off camera surveillance." (Doc. 1 at 9) Sturgis was transported in a wheelchair to the clinic, where the three officers allegedly told the medical staff "to just sew [him] up so we can just take Mr. Ryan Sturgis back with us." (Doc. 1 at 10) Instead, medical staff had paramedics transport Sturgis to a local hospital.

Sturgis alleges that upon his return to the jail the following day, Deputies Moon and Wheatley showed "deliberate indifference to my serious medical needs [by] refusing to supply me with pain medicine and [a] neck brace." (Doc. 1 at 11) The following day a doctor inside the jail cleared Sturgis to return to his housing unit.

## MOTION TO DISMISS

The defendants move to dismiss the complaint. Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain pleading requirements. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must provide "more than labels and conclusions [or] a formulaic recitation of the elements

of the cause of action . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009), summarizes the pleading requirements as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S. Ct. 1955.

*Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n.43 (11th Cir. 2008), explains that "*Twombly* [i]s a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." As a consequence, *Twombly* governs a Section 1983 prisoner complaint. *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).

Named as defendants are (1) Sheriff Gualtieri, who is the "supervisor over the jail" (Doc. 1 at 12); (2) Sgt. Moten and Deputies Cordero and Hefter, who alleged used excessive force both inside the cell and inside the attorney-client conference room; (3) Sgt. Sivik, who arrived at the conference room, albeit after the alleged incident; (4) Nurse Green, who applied first aid inside the conference room; and

(5) Deputies Moon and Wheatly, who allegedly refused to give Sturgis medicine and a neck brace upon his return from the hospital.  Two motions to dismiss pend: a motion by Sheriff Gualtieri and the initial three deputies and a motion by the remaining defendants.  (Docs. 33 and 34)  In both motions the defendants argue that Sturgis failed to exhaust his administrative remedies through the jail's grievance process.

**<u>Exhaustion of Administrative Remedies:</u>**

As a preliminary matter, a prisoner is barred from bringing a Section 1983 action unless he first exhausts all available administrative remedies.  "No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[S]aying that a party may not sue in federal court until the party first pursues all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court." *Woodford v. Ngo*, 548 U.S. 81, 100 (2006) (italics original).  *Accord Leal v. Georgia Dep't of Corr.*, 254 F.2d 1276, 1279 (11th Cir. 2001) ("This means that 'until such administrative remedies as are available are exhausted,' a prisoner is precluded from filing suit in federal court.") (citation omitted).  *Cf. Brown v. Sikes*, 212 F.3d 1205, 1210 (11th Cir. 2000) ("We hold that 42 U.S.C. § 1997e(a) requires a prisoner to provide in his administrative grievance as much relevant information about his

claims, including the identity of those directly involved in the alleged deprivations, as the prisoner reasonably can provide."). Moreover, the prisoner must comply with the departmental rules for exhausting the administrative process. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' — rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Brock*, 549 U.S. 199, 218 (2007) (quoting *Ngo*, 548 U.S. at 88). As a consequence, a prisoner must fully exhaust his administrative remedies for each claim before pursuing that claim in a civil rights action.

In his complaint Sturgis represents that he filed a grievance in which he complained about the actions of only four of the seven named defendants, specifically, Sgt. Moten, Sgt. Sivik, Deputy Cordero, and Deputy Moon. (Doc. 1 at 15) In other words, Sturgis implicitly admits he failed to exhaust his administrative remedies for Sheriff Gualtieri, Nurse Green, and Deputy Wheatley, which defendants move to dismiss for lack of exhaustion. As stated earlier in this order, Sturgis has not opposed the motion to dismiss and, as a consequence, does not dispute his lack of exhaustion of administrative remedies. Defendants Sheriff Gualtieri, Nurse Green, and Deputy Wheatley are entitled to dismissal based on Sturgis's failure to meet the exhaustion requirement under 42 U.S.C. § 1997e(a). Sturgis's claim against Defendants Sgt. Moten, Sgt. Sivik, and Deputy Cordero is not, however, precluded by the exhaustion requirement.

**Lack of Personal Involvement:**

The complaint must allege facts showing the involvement of each defendant in the alleged deprivation of Sturgis's civil rights. Sturgis's allegations against Sgt. Sivik show that he arrived in the conference room after the alleged beating. Consequently, Sgt. Sivik was not involved in the alleged use of excessive force.

Additionally, Sturgis cannot pursue a claim against Sgt. Sivik in his capacity of a supervisor because a claim against a supervisor based on an act by a subordinate asserts a claim under *respondeat superior*. Although permitted in other civil tort actions, *respondent superior* is inapplicable in a Section 1983 action. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 691, 694 (1978); *Grech v. Clayton County, Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*). Consequently, Sturgis cannot pursue a claim against Sgt. Sivik.

**Remaining Defendants:**

The only defendants against whom Sturgis has exhausted his administrative remedies and who were allegedly personally involved in the use of excessive force are Sgt. Moten and Deputy Cordero. In their motion to dismiss, these defendants correctly contend that the complaint fails to adequately allege the specific acts that each defendant allegedly committed. "By Plaintiff's repeated use of 'they' or other collective descriptions of alleged conduct, Defendants are left to speculate and pick and choose which conduct they believe Plaintiff attributes to them." (Doc. 33 at 8) The lack of specificity compounds the difficulty of "guessing" what act each

defendant allegedly committed because only two of the named defendants remain. The present complaint is too inadequately drafted to allege a claim against the remaining defendants.

Sturgis must amend his action to clearly state what acts Sgt. Moten allegedly committed and what acts Deputy Cordero allegedly committed. Sturgis must file an amended complaint, which must be complete because an amended complaint supersedes the original complaint. *See Fritz v. Standard Sec. Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal rules, an amended complaint supersedes the original complaint."). *See also Lane v. Philbin*, 835 F.3d 1302 n.1 (11th Cir. 2016) (describing as "irregular" a district court's construing together both an original and an amended complaint). Additionally, this action is limited to the alleged use of excessive force by Sgt. Moten and Deputy Cordero. Sturgis must limit the amended complaint to only the claim against Sgt. Moten and Deputy Cordero.

Accordingly, the motion to dismiss (Doc. 34) is **GRANTED**. Defendants Sgt. Sivik, Nurse Green, Dep. Wheatley and Dep. Moon are **DISMISSED** from this action. The motion to dismiss (Doc. 33) is **GRANTED** to the extent that Defendant Sheriff Gualtieri and Dep. Hefter are **DISMISSED** from this action and the motion is **DENIED** regarding Defendants Sgt. Moten and Dep. Cordero. The defendants' motion (Doc. 41) to dismiss for failure to prosecute (based on Sturgis's failure to oppose the earlier motions to dismiss) is **DENIED**.

Further, the complaint (Doc. 1) is **STRICKEN** as insufficiently drafted. Not later than **MONDAY, JANUARY 14, 2019**, Sturgis must file an amended complaint as directed in this order. The failure to timely file an amended complaint will result in the dismissal of this action and the closure of this case.

ORDERED in Tampa, Florida, on December 19, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE